UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                   Case No. 1:11-cr-233

v.

                                   HON. JANE M. BECKERING

NICKEY JOSE RUIZ,

     Defendant.
_____/

## OPINION AND ORDER

Now pending before the Court is Defendant's *pro se* motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and request for appointment of counsel (ECF No. 200, corrected by 203).  For the following reasons, the Court denies the motion.[1]

## I.  BACKGROUND

Defendant pleaded guilty to Counts One through Four of the Second Superseding Indictment.  Count One charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 921(a).  Count Two charged Defendant with possession of a stolen firearm in violation of 18 U.S.C. § 922(J) and 18 U.S.C. § 924(a)(2).  Count Three charged him with conspiracy to possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(iii).  Count

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)."  FED. R. CRIM. P. 43(b)(4).

Four charged Defendant with contempt of court in violation of 18 U.S.C. § 401(3) and 18 U.S.C. § 3148(a) (Amended Presentence Report [Amended PSR, ECF No. 105, filed under restricted access] ¶ 7).  Defendant's criminal history subtotal was seven, and he was given two additional points for "commit[ting] the instant offense while under a criminal justice sentence," which made Defendant's total criminal history score nine (*id.* ¶¶ 78–80).  The criminal history score of nine established a criminal history category of IV (*id.* ¶ 80).  He was designated as a career offender; therefore, his criminal history category became VI (*id.* ¶ 81).  Based upon Defendant's total offense level of 42 and criminal history category of VI, the guideline imprisonment range was calculated in the Amended PSR as 360 months to life.

At the September 20, 2012 sentencing hearing before the Hon. Janet T. Neff, the Court addressed multiple objections to the scoring.  Following the rulings on the objections, the Court determined Defendant's total offense level to be 38 and his criminal history category remained at VI, with the guideline range for imprisonment remaining at 360 months to life (ECF No. 112 at PageID.569).  Defendant was sentenced to 120 months' imprisonment as to each of Counts One and Two, 240 months' imprisonment as to Count Three, and 12 months' imprisonment as to Count Four, with all counts to be served concurrently, followed by 3 years of supervised release as to each count, with all counts to be served concurrently (Minutes, ECF No.103; Judgment of Sentence, ECF No. 108).

After Defendant's Sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect.  On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective.  Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A.  United States

Sentencing Guideline (U.S.S.G.) § 4A1.1.  Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors.  U.S.S.G. § 4C1.1.

In October 2025, this case was reassigned to the undersigned (ECF No. 194).  Defendant filed the motion at bar on March 9, 2026, seeking retroactive application of Amendment 821 to the Judgment of Sentence.  Approximately one month later, Defendant submitted the motion in proper form (ECF No. 203).  Pursuant to the April 7, 2026 Order (ECF No. 205), the Probation Office prepared a Report of Eligibility (ECF No. 206).  Although the Report indicates that Defendant appears potentially eligible for consideration of a modification of his sentence, it also states that he would remain a criminal history category VI (*id.*).  Following the Report, the parties were provided an opportunity to file objections to the Report (ECF No. 207).  A review of the court record reveals that no such objections have been filed and the time to submit such a filing has expired.

## II.  ANALYSIS

### A.  Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 3582(c) establishes a "two-step inquiry."  *United States v. Jones*, 980 F.3d1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).  First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an

amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

"[C]ourts need not issue a written opinion engaging in a point-by-point rebuttal of every argument for every sentence-modification motion; [r]ather, they can rely on their 'professional judgment' about the amount of information they need to include in an order." *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (citing *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018), and *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)).

## B.  Discussion

Defendant's motion implicates Part A of Amendment 821.  Defendant argues that his sentence should be reduced because his presentence report included "Status Points" in the

calculation of his criminal history score (ECF No. 203 at PageID.1517).[2]  Defendant had two Status Points added to his criminal history score under what was U.S.S.G. § 4A1.1(d), bringing his total to nine.  Applying the changes to the guidelines reflected in U.S.S.G § 4A1.1(e), Defendant's Status Points decrease from two to one; however, the reduction in criminal history points would not change Defendant's criminal history category (*see* U.S.S.G. Ch. 5, Part A: Sentencing Table), particularly in light of the career offender designation, and his advisory sentencing guideline range is therefore unchanged.  Accordingly, Defendant is not entitled to a modification of his sentence under 18 U.S.C. § 3582(c)(2), and his motion is properly denied.  Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if...an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."  Defendant's motion fails at the first step of the analysis, and the Court does not reach the § 3553(a) factors.  *See Dillon*, 560 U.S. at 826.  Therefore:

**IT IS HEREBY ORDERED** that Defendant's *pro se* motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and request for appointment of counsel (ECF No. 200, corrected by 203) is DENIED.

Dated: May 27, 2026

  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

---

[2] To the extent Defendant attempts to argue that his presentence report scored him as having zero criminal history points, the Court finds that the presentence report scored a number of criminal history points.  In light of Defendant's criminal history points, he is ineligible for a reduction under Part B of Amendment 821.